UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS CONSTRUCTION INDUSTRY HEALTH AND SECURITY FUND, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ACE PAVING CO., INC., <br><br> Defendant. | Case No.  C11-1257RSL <br><br> ORDER STRIKING MOTION FOR SUMMARY JUDGMENT |

    This matter comes before the Court on Plaintiffs' motion for summary judgment (Dkt. # 4).  Plaintiffs ask the Court to conclude that no genuine issue of material fact exists and award them actual and liquidated damages, as well as interest, costs, and fees. The Court is precluded from reaching the merits of Plaintiffs' motion, however, because it has yet to be served on Defendant.  Accordingly, the Court STRIKES the motion.

    Plaintiffs served their summons and complaint on Defendant on August 11, 2011. Dkt. # 3.  The Court gathers from Plaintiffs' motion that Defendant has answered that complaint.  Mot. (Dkt. # 4) at 4 ("Ace even admits in its Answer . . . .").  Defendant has not, however, filed an answer or any other document with this Court.  Nor has counsel filed an appearance on Defendant's behalf.

    On December 15, 2011, Plaintiffs filed the present motion.  The accompanying certificate of service states that Plaintiffs "electronically filed the Motion . . . with the

ORDER STRIKING MOTION FOR SUMMARY JUDGMENT - 1

Clerk of the Court using the CM/ECF system which will send notification of such filing to" Joel C. Merkel.  Presumably, Mr. Merkel is the author of the yet-to-be-filed answer.

Ordinarily, Plaintiffs would not need to do anything more.  Federal Rule of Civil Procedure 5(b)(2)(E) permits service of written motions by "electronic means if the person consented in writing," and our Local Rules make clear that "[a] paper properly filed by electronic means in accordance with the court's Electronic Filing Procedures for Civil and Criminal Cases is service for purposes of" that Rule.  CR 5(b).

The hitch in this case is that consent to service via the Court's Electronic Filing system is accorded on a case-by-case basis, and counsel cannot consent prior to appearing.  Because Mr. Merkel has never formally appeared, the Court's Electronic Filing system did not alert him of or forward him a copy of Plaintiffs' motion.  Unless Plaintiffs' personally served him or the Defendant, neither would have any knowledge of the present motion—which undoubtedly explains why no response was filed.

In sum, while the Court believes that Plaintiffs honestly thought that their motion would be served on Defendant, it unquestionably was not.  For all of the foregoing reasons, the Court STRIKES Plaintiffs' motion for lack of service.  The Clerk is directed to forward a copy of this Order to Joel C. Merkel, Jr., at joelmerkel@gmail.com and Joel C. Merkel, Sr., at joel@merkellaw.com.[1]

DATED this 21day of February, 2012.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] The Court notes that both appeared on Defendant's behalf in a related matter (2:11-cv-01367-MAT).  As discussed, it is unclear if either represent Defendant in this matter.

ORDER STRIKING MOTION FOR SUMMARY JUDGMENT - 2