UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS CONSTRUCTION INDUSTRY HEALTH AND SECURITY FUND, *et al.*,

Plaintiffs,

v.

ACE PAVING CO., INC.,

Defendant.

Case No. C11-1257RSL

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Plaintiffs' unopposed motion for summary judgment (Dkt. # 4). Plaintiffs ask the Court to conclude that no genuine issue of material fact exists and award them actual and liquidated damages, as well as interest, costs, and fees. The Court GRANTS the motion.

**I. BACKGROUND**

Plaintiffs are unincorporated associations operating as Trust Funds pursuant to section 302 of ERISA. They filed the instant suit seeking to collect delinquent trust funds and union dues.

In support of their motion for summary judgment, they present the Court with the remittance documents they received from Defendant for the months of June 2011 through October 2011. These documents reflect that Defendant itself determined that it owed Plaintiffs $310,893.17 in outstanding trust contributions and $21,163.32 in

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 1

outstanding union dues and union program payments. They also provide the Court with each of the trusts' agreements with Defendant, pursuant to which Plaintiffs request interest damages (calculated at $7,969.06 through December 7, 2011), $37,307.18 in liquidated damages, and attorney's fees and costs.

## II. DISCUSSION

The Court may enter judgment as a matter of law only if it is satisfied that there is no genuine issue of material fact to preclude judgment as a matter of law. Fed. R. Civ. P. 56(c). As the moving party, Plaintiffs bear the initial burden of informing the Court of the basis for summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). They must prove each and every element of its claims or defenses such that no reasonable jury could find otherwise. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In doing so, they are entitled to rely on nothing more than the pleading themselves. Celotex, 477 U.S. at 322–24. Only if Plaintiffs make that initial showing does the burden shifts to Defendant to show by affidavits, depositions, answers to interrogatories, admissions, or other evidence that summary judgment is not warranted because a genuine issue of material fact exists. Id. at 324.

Notably, only those factual disputes whose resolution would affect the outcome of the suit are material. Anderson, 477 U.S. at 248. A genuine issue exists only if the evidence is such that a reasonable trier of fact could resolve the dispute in favor of the nonmoving party. Id. at 249. "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." Id. at 249–50. In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 150 (2000).

Turning to the facts of the present case, the Court finds that there is no genuine

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 2

issue of material fact. Defendant has not opposed Plaintiffs' motion.[1] Accordingly, pursuant to Local Civil Rule 7(b)(2), the Court presumes that Defendant concedes that the motion has merit. Moreover, Defendant has not introduced any evidence in this case. Thus, as a practical matter, the Court is left only with Plaintiffs' evidence, which clearly demonstrates entitlement to relief.

Both the provided trust agreements with Defendant (e.g., Dkt. # 7-1 at 25–26 §§ 1–3; id. at 29 § 9) and Defendant's own remittance reports (Dkt. # 9-4 at 25–59) demonstrate that Defendant was obligated to pay Plaintiffs contributions and dues. And Defendant's own reports demonstrate exactly how much was owed under that obligation: $310,893.17 in trust contributions and $21,163.32 in union dues and union program payments. Dkt. # 9-4 at 25–59. Finally, the only evidence in this case regarding payment is the declaration of Richard Kafer, the president of the corporation that administers the trusts. He declares under penalty of perjury that Defendant has yet to pay the amounts claimed. Dkt. # 9 at ¶¶ 18–19, 24–25. Accordingly, the Court awards Plaintiffs the requested amounts.

In addition, the agreements in this case each provide that Plaintiffs are entitled to interest in an amount of 12% per annum and a 12% liquidated damages charge on all delinquent contributions, as well as reasonable attorney's fees and costs. Dkt. # 9-2 at 29–30 § 9. ERISA requires this Court to award Plaintiffs these amounts.[2] 29 U.S.C.A. § 1132(g)(2). Accordingly, the Court awards Plaintiffs $37,307.18 in liquidated

---

[1] The Court is concerned by the failure of Defendant's counsel's to file an answer with the Court or otherwise appear on behalf of his client's interests in this matter. More concerning is the fact that it appears this is not an isolated occurrence. See Nw. Adm'rs Inc. v. Ace Paving Co., Inc., Case No. 2:10-cv-01069-JPD (W.D. Wash.) (reflecting that counsel for Defendant, Joel C. Merkel, failed to file an answer or otherwise appear before default was entered because of "inadvertence and mistake" (Dkt. # 7); failed to timely respond to a summary judgment motion (Dkt. # 20); and ultimately had his appeal dismissed for failure to file an opening brief (Dkt. # 33)).

[2] ERISA appears to preempt Washington's law precluding the imposition of liquidated damages. 29 U.S.C.A. § 1144(a)–(b).

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 3

damages, as well as interest, attorney's fees, and costs.  The Court DIRECTS Plaintiffs to file within seven days of the date of this Order a supplemental memorandum that contains an up-to-date accounting of the accrued interest, fees, and costs as of the date of this Order.

### III.  CONCLUSION

For all of the foregoing reasons, the Court GRANTS Plaintiffs' motion and DIRECTS Plaintiff to file within seven days of the date of this Order a supplemental memorandum that sets forth the amount of interest, fees, and costs currently owed.

DATED this 18th day of April, 2012.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge